IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ROBERT PINDER, VIRGINIA PINDER, and JJNP RANCHES, a partnership,<br><br>　　　　　　　　Plaintiffs,<br>vs.<br><br>TRAVIS MITCHELL, SHERIFF OF DUCHESNE COUNTY,<br><br>　　　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:11CV508 DAK |

　　　　This matter is before the court on Defendant Travis Mitchell's Motion to Dismiss.  A hearing on the motion was held on October 24, 2014.  At the hearing, Plaintiffs Robert and Virginia Pinder and JJNP Ranches were represented by Trent Waddoups and James D. Garrett.  Defendant was represented by Jesse C. Trentadue, Britton R. Butterfield, and Tyler Allred.  The court has carefully considered the memoranda and other materials submitted by the parties.  Since taking the matter under advisement, the court has further considered the law and facts relating to this motion.   Now being fully advised, the court renders the following Memorandum Decision and Order.

　　　　This case arises out of the conviction of John Pinder on multiple counts of aggravated murder and the desecration of a human body.  Plaintiffs are the parents of John Pinder, and they are among the partners that make up the partnership, JJNP Ranches.  Plaintiffs are seeking the return of firearms and gun-related items such as gun cases and ammunition seized

as a result of investigative searches concerning the prosecution of John Pinder. They have asserted a claim under 42 U.S.C. § 1983, claiming that their property was wrongfully taken and retained by Sheriff Mitchell. Thus, they contend, he has violated their 5th Amendment right and/or he violated their right to due process of law.

Pursuant to Rules 12(b)(1), 12(b)(6), 12(b)(7) and 12b(c), Defendant moves to dismiss Plaintiffs' Complaint, arguing that this court lacks jurisdiction, that Plaintiffs have failed to state a claim, that he is entitled to qualified immunity, and that Plaintiffs have failed to name an indispensable party.

**A. Jurisdiction**

In the instant motion to dismiss, Defendant Mitchell argues that this court has no jurisdiction because Plaintiffs have adequate post-deprivation remedies under Utah State law, which means that this matter is not ripe. *See City of Monterey v. Del Monte Dunes*, 526 U.S. 687 (1999) ("a federal court . . . cannot entertain a takings claim under §1983 unless or until the complaining landowner has been denied an adequate post-deprivation remedy."); *see also Hudson v. Palmer*, 468 U.S. 517 (1984) (holding that deprivations of property do not constitute Fourteenth Amendment violations if adequate state post-deprivation remedies are available). According to Defendant, Utah Code § 24-3-104 clearly provides Plaintiffs with a state court post-deprivation remedy to recover the property held as evidence.[1]

---

[1] Plaintiffs argue that this law was enacted in 2013 and does not control their Petition, which was filed in 2011. Defendant disagrees, arguing that the current statute would be applied retroactively because the change in law was merely procedural. Moreover, Defendant contends, the fact that this statute is a revision and recodification of the prior statute, Utah Code § 77-24-4(4) & (5), demonstrates that there has always been an adequate post-deprivation remedy. The court agrees that the 2013 law would likely be applied retroactively,

Specifically, Utah Code § 24-3-104 states:

(1)(a)  A person claiming ownership of property held as evidence may file a petition with the court for the return of the property.

(b)  The petition may be filed in:

(i)  the court in which criminal proceedings have commenced regarding the conduct for which the property is held as evidence; or

(ii)  the district court of the jurisdiction where the property was seized, if there are no pending criminal proceedings.

Thus, Defendant argues, Plaintiffs have an adequate state-court post-deprivation remedy, thereby depriving this court of jurisdiction because Plaintiffs have not exhausted their remedies.

Plaintiffs, however, argue that it is Defendant's obligation to return the property to them, relying on Utah Code Ann. § 76-10-525, which is entitled, "Disposition of weapons after use for court purposes."  This statute states:

> All police departments and/or sheriff's departments which have in their possession a weapon after it has been used for court purposes *shall* determine the true owner of the weapon and return it to him; however, if unable to determine the true owner of the weapon, or if the true owner is the person committing the crime for which the weapon was used as evidence, the department shall confiscate it and it shall revert to that agency for their use and/or disposal as the head of the department determines.

Utah Code Ann. § 76-10-525 (emphasis added by Plaintiffs).

---

but even if it were not, the previous iterations of the statute would have provided a similar remedy.

3

In addition, Plaintiffs explain that they previously filed a lawsuit in Eighth District Court, Duchesne County, on September 4, 2009, seeking the return of a part of the property they seek in the instant lawsuit. The case was dismissed without prejudice for lack of subject matter jurisdiction because Petitioners had failed to fulfill the notice of claim requirement under Utah Code Ann. § 63G-7-401.[2]  Plaintiffs did not attempt to remedy their failure to file a Notice of Claim.  Now, Plaintiffs argue that "because they have attempted to utilize state law and have been denied possession of the guns and [denied] just compensation for their losses, the case is ripe."

While the court recognizes that the state statutes regarding the return of property, including weapons, in this situation are not clear, the court disagrees with Plaintiffs that the instant case is ripe. The state court's dismissal without prejudice of their petition for return of property did not give rise to a federal constitutional violation.  Rather, Plaintiffs have simply failed to pursue their claim.

While this court has no knowledge about the timeliness of a new state court petition,[3] the filing of such a petition would nevertheless provide an opportunity for all parties–perhaps along with the prosecutor–to reasonably evaluate whether return of any of the property at

---

[2] *See* Exhibit 7, attached to Pls.' Mem. In Opp'n at Docket No. 58.

[3] It is difficult to imagine any such argument about untimeliness would pass muster, given various statements in the instant case that the property is now being kept for purposes of investigating various cold cases, in the event Mr. Pinder is granted a new trial, and/or to use in any future collateral attack by Mr. John Pinder. *See*, *e.g.*, Docket No. 18-3 (Declaration of Marea Doherty), 18-4 (Declaration of Brett J. Delporto), and 58-3 (Letter from Michael D. Wims to Edward M. Garrett, dated July 27, 2005).

issue is warranted.[4]  Thus, because Plaintiffs have not pursued to finality their state court remedy, the court finds that the instant case is not ripe, thus depriving this court of jurisdiction.

In addition, even if the court had jurisdiction, Plaintiffs have failed to state a claim under 42 U.S.C. § 1983 because they have failed to adequately allege any constitutional violation, given the availability of state-court remedies.  Moreover, even if they had stated a claim, Defendant would be entitled to qualified immunity.  Given the unclear nature of Utah's laws regarding the return of property–and in particular weapons--and the apparent discretion that is vested in the prosecutor to determining whether and when to return the property, the court finds that the law on this issue is not clearly established, thus entitling Defendant to qualified immunity.

While the court finds that it must dismiss this action, and notwithstanding the initiation of a new state court petition, the court hopes that Defendant, along with the prosecutor involved in the underlying case(s), will work with Plaintiffs to reach a reasonable resolution regarding any property that Plaintiffs are entitled to have returned to them, after establishing ownership.

---

[4] Brett Delporto, an Assistant Utah Attorney General who represents the state in Mr. Pinder's post-conviction case, has represented in a Declaration that John Pinder (and not his parents) has been established to be the owner of these sought-after items.  *See* Docket No. 18-4; see also Docket No. 18-3 (Declaration of Marea Doherty).  Of course, to the extent that Plaintiffs cannot prove ownership, they are not entitled to recover the items in any event.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss [Docket No. 55] is GRANTED, and this case is DISMISSED. The Clerk of Court is directed to terminate any pending motions as moot and to close this case.

DATED this 3rd day of February, 2015.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge